IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DENNIS DECKER, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | **FILED: JUNE 18, 2008** |
| v. ) | **08CV3500** |
| ) | Judge **JUDGE PALLMEYER** |
| VILLAGE OF VERNON HILLS, COMMANDER ) | **MAGISTRATE JUDGE COX** |
| MARK CHANDLER, OFFICER JAMES KOCH, ) | |
| SGT. PATRICK ZIMMERMAN, and DET. A. ) | |
| JONES, ) | **AEE** |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, DENNIS DECKER, by his attorney, KURT H. FEUER, and complaining of Defendants, the VILLAGE OF VERNON HILLS, COMMANDER MARK CHANDLER, OFFICER JAMES KOCH, SGT. PATRICK ZIMMERMAN, and DET. A. JONES, states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. Specifically, as a result of police misconduct and abuse more fully described below, Plaintiff was falsely arrested and maliciously prosecuted, and suffered damages and injuries as a result.

## Jurisdiction and Venue

3. This Court has jurisdiction of the action pursuant to 28 U.S.C. Section 1331.

4. Venue is proper under 28 U.S.C. Section 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

## The Parties

5. Plaintiff, Dennis Decker, was at all relevant times a citizen of the United States and a resident of Lake County, Illinois.

6. Defendant Village of Vernon Hills is an Illinois municipal corporation, and is and/or was the employer of the Defendant Officers. The Village of Vernon Hills is responsible for the acts of the Defendant Officers while employed by the Village of Vernon Hills and while acting within the scope of their employment.

7. The Defendant Officers, Mark Chandler, James Koch, Patrick Zimmerman and A. Jones are Vernon Hills Police officers.

## Background

8. In March of 2006 Plaintiff was driving through Vernon Hills on his way to his home in Libertyville at approximately 1:00 a.m. on a Saturday.

9. Plaintiff was followed and then pulled over by Officer Koch, although Plaintiff was not speeding and had not committed any traffic infractions. Officer Koch claimed that Plaintiff had been pulled over for speeding and demanded that Plaintiff take a field sobriety test.

10. Plaintiff told Officer Koch that he did not believe he had been speeding. Plaintiff further stated that he does not drink or use drugs, and stated that he was obviously not impaired and did not see why he should have to take a sobriety test. Officer Koch nonetheless continued to insist that Plaintiff take a sobriety test.

11. Officer Koch then got a radio call and abruptly left. Although Plaintiff was disturbed by Officer Koch's aggressive behavior, he did not file a complaint with the Vernon Hills police department.

12. On April 22, 2006 at approximately 3:15 a.m., Plaintiff was again stopped by Officer Koch as he drove through Vernon Hills. Koch falsely accused Plaintiff of repeatedly weaving over the center line and demanded that he take a sobriety test.

13. Plaintiff told Officer Koch that he had noticed him following Plaintiff's car and had not crossed over the center line even once. Plaintiff further stated that he did not drink or do drugs and was not impaired. He told Koch that Koch had pulled him

3

over the previous month and that he wanted to complain to Koch's supervisor.

14. By this point in time another Vernon Hills police officer had arrived, and when Plaintiff stated that he wanted to speak to a supervisor Koch pointed to him. Plaintiff spoke to the officer, who Plaintiff believes is named Heelen, but the officer said he was not Koch's supervisor.

15. Koch ticketed Plaintiff for improper lane usage.

16. Plaintiff went to the Vernon Hills police station immediately after this incident and complained to an Officer Grampo, who gave Plaintiff a form to fill out. Plaintiff also requested the videotape of the stop from Koch's squad car to prove that he was not weaving across the center line. Grampo told Plaintiff that the video camera in Koch's squad car was "broken."

17. In May of 2006, Commander Davies of the Vernon Hills police department telephoned Plaintiff and told him that he would not be taking any action on Plaintiff's complaint against Officer Koch.

18. On July 17, 2006 Plaintiff went to trial on the ticket for improper lane usage. At the trial, Officer Koch falsely testified that Plaintiff's car crossed over the center line more than ten times, that he could smell alcohol on Plaintiff, and that he radioed for back-up when Plaintiff became irate. Koch also testified that he was "number one" for DUI

4

arrests with the Vernon Hills police department. The judge found Plaintiff guilty on the ticket.

19. After his trial, Plaintiff obtained a recording of Koch's radio transmissions for the night of April 22, 2006 pursuant to an FOIA request, and the recording did not include any request for back-up, contrary to Officer Koch's testimony at trial.

20. At approximately midnight on September 2, 2006, Plaintiff was driving to see his wife in Vernon Hills and noticed a marked squad car following him. The squad car followed Plaintiff for approximately two miles, during which time Plaintiff noticed that a red light was on in the middle of the squad car's windshield, indicating to Plaintiff that he was being videotaped.

21. Plaintiff has a distinctive license plate, and having already been twice stopped by Officer Koch, was concerned that he was being harassed by Officer Koch.

22. When Plaintiff went to make a left turn, the squad car followed him into the left turn lane. As Plaintiff turned, however, an oncoming car took a wild right turn in front of Plaintiff, nearly striking Plaintiff's car. The squad car turned to follow that vehicle.

23. Plaintiff was not able to see if it was in fact Officer Koch following him, and turned around as well to see if he could identify the officer. Plaintiff saw the officer standing

outside of his squad car where the officer had indeed stopped the other vehicle and believed the officer to be Officer Koch.

24. Plaintiff immediately reported this incident by phone to Sgt. Zimmerman of the Vernon Hills police department and was told that Koch's supervisor would contact him. Plaintiff then went to the Vernon Hills police department and submitted a FOIA request for the squad car's videotape and left.

25. On September 5, 2006 Commander Mark Chandler telephoned Plaintiff and asked him to meet him at the station. Plaintiff did so and, upon Chandler's request, verbally told him about the incident. Chandler then asked Plaintiff to write it all down on a complaint form which he provided, and Plaintiff did so.

26. At approximately 5:30 p.m. on Saturday, September 9, 2006, Plaintiff had just finished eating dinner at home when Libertyville police officers knocked on Plaintiff's door. They informed Plaintiff that they had a warrant for his arrest. The police handcuffed Plaintiff and took him to the Libertyville police station, where they processed him and informed him that he was being charged with "attempted disorderly conduct" for filing a false police report with the Vernon Hills police. The complaint against Plaintiff was filed by Detective Jones.

27. The Libertyville police then took Plaintiff to the Lake County jail in Waukegan, where he was processed again and not released until 2:45 a.m. on Sunday after posting bond.

28. Prior to trial, the Village of Vernon Hills repeatedly failed to comply with Plaintiff's requests for discovery, at one point resulting in an order dismissing the case for want of prosecution after Plaintiff's counsel moved for sanctions. The case was reinstated, however, and Plaintiff received memoranda from the Vernon Hills police department indicating that Officer Koch was on a detail driving an unmarked car that night, not a marked squad car as reported by Plaintiff, and stating that Plaintiff was lying about the entire incident. The Vernon Hills police department did not produce any documents or acknowledge in any way that a traffic stop had even occurred at the location and time reported by Plaintiff.

29. Plaintiff went to trial on the charge against him, that Plaintiff falsely reported an offense of official misconduct, on March 31, 2007. Commander Chandler, Officer Koch and Sgt. Zimmerman testified against Plaintiff at trial.

30. In the course of their testimony, it was revealed for the first time that there was in fact a traffic stop at the same time and location as witnessed by Plaintiff. Further, it was also revealed for the first time that the Vernon Hills police officer who made the stop, an Officer Hollubetz, "looks very similar" to Officer Koch, as Officer Koch himself testified on the stand.

7

31. Plaintiff was acquitted on a directed verdict after the officers testified.

32. Plaintiff incurred costs and expenses, including $2,500 in attorney's fees, and lost substantial income work opportunities as a result of being falsely arrested and forced to trial on the bogus charge brought against him by the Vernon Hills police.

### Count I -- 42 U.S.C. 1983
### Claim For False Detention, Arrest, and Imprisonment

33. Plaintiff realleges by this reference paragraphs 1 through 32 of this Complaint as if restated fully herein.

34. The actions of the Defendant officers in falsely detaining, arresting and imprisoning Plaintiff without reasonable suspicion or probable cause violated his Fourth Amendment rights to be free from unreasonable search and seizure under the United States Constitution, and thus violated 42 U.S.C. 1983.

35. The actions of the Defendants were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights, suffering, mental distress, and other injury, as set forth more fully above.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the Defendant officers, COMMANDER MARK CHANDLER, OFFICER JAMES KOCH, SGT. PATRICK ZIMMERMAN, DETECTIVE A. JONES, and the VILLAGE OF VERNON HILLS, to

enter a judgment for punitive damages against the Defendant officers, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### COUNT II -- State Law Claim
### Malicious Prosecution

36. Plaintiff realleges by this reference paragraphs 1 through 32 of this Complaint as if restated fully herein.

37. The acts of the Defendant officers in falsely charging Plaintiff, concealing evidence favorable to Plaintiff, making false statements to the prosecuting attorney, and falsely testifying against him in court caused Plaintiff to lose his liberty while under arrest and be criminally prosecuted.

38. Said actions were wrongful and wholly unjustified, and caused injury to Plaintiff, including monetary damages and emotional distress.

39. Said actions constitute the tort of malicious prosecution under the laws of the State of Illinois.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the Defendant officers, COMMANDER MARK CHANDLER, OFFICER JAMES KOCH, SGT. PATRICK ZIMMERMAN, DETECTIVE A. JONES and the VILLAGE OF VERNON HILLS, to enter a judgment for punitive damages against the Defendant officers, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

## COUNT III -- State Law Claim
### Respondeat Superior

40. Plaintiff realleges by this reference paragraphs 1 through 32 of this Complaint as if restated fully herein.

41. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members of, and agents of, the Vernon Hills Police Department acting at all relevant times within the scope of their employment.

42. Defendant Village of Vernon Hills is liable as principal for all torts committed by its agents.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the VILLAGE OF VERNON HILLS, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

## COUNT IV -- State Law Claim
### Indemnification

43. Plaintiff realleges by this reference paragraphs 1 through 32 of this Complaint as if restated fully herein.

44. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

45. The Defendant Officers are or were employees of the Vernon Hills Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE Plaintiff respectfully requests this Court to enter judgment for monetary damages against the VILLAGE OF VERNON HILLS, to award Plaintiff his attorneys' fees and costs, and for any other such relief as this Court deems appropriate.

### JURY DEMAND

Plaintiff, DENNIS DECKER, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED:

*/s/ Kurt H. Feuer*

Kurt H. Feuer
Attorney at Law
312 N. May Street
Suite 100
Chicago, IL 60607
(312) 243-5900