90/08-5865.SDcas

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS DECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 08 C 3500 |
| | ) | |
| VILLAGE OF VERNON HILLS, | ) | Judge Pallmeyer |
| COMMANDER MARK CHANDLER; | ) | |
| OFFICER JAMES KOCH; SGT. PATRICK | ) | Magistrate Judge Cox |
| ZIMMERMAN; and DETECTIVE A. JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANTS, VILLAGE OF VERNON HILLS, COMMANDER MARK CHANDLER, OFFICER JAMES KOCH, SGT. PATRICK ZIMMERMAN AND DETECTIVE A. JONES, ANSWER, JURY DEMAND AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

The Defendants, VILLAGE OF VERNON HILLS, COMMANDER MARK CHANDLER, OFFICER JAMES KOCH, SGT. PATRICK ZIMMERMAN and DETECTIVE A. JONES, by and through one of his attorneys at Knight, Hope, Kurnik & Knight, Ltd., answer the Plaintiff's Complaint as follows:

### Introduction

1.　　This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:** They admit that the action is brought pursuant to 42 USC Section 1983 and deny that any constitutional violations occurred.

2.  Specifically, as a result of police misconduct and abuse more fully described below, Plaintiff was falsely arrested and maliciously prosecuted, and suffered damages and injuries as a result.

**ANSWER:**  They deny the allegations of Paragraph 2.

### JURISDICTION AND VENUE

3.  This Court has jurisdiction of the action pursuant to 28 U.S. C. Section 1331.

**ANSWER:**  They admit the allegations of Paragraph 3.

4.  Venue is proper under 28 U.S.C. Section 1391(b).  All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

**ANSWER:**  They admit the allegations of Paragraph 4.

### The Parties

5.  Plaintiff, Dennis Decker, was at all relevant times a citizen of the United States and a resident of Lake County, Illinois.

**ANSWER:**  They deny the allegations of Paragraph 5 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

6. Defendant Village of Vernon Hills is an Illinois municipal corporation, and is and/or was the employer of the Defendant Officers. The Village of Vernon Hills is responsible for the acts of the Defendant Officers while employed by the Village of Vernon Hills and while acting within the scope of their employment.

**ANSWER:** The Defendant, VILLAGE OF VERNON HILLS admits that it is an Illinois Municipal Corporation and that it was the employer of the Defendant officers. The Defendant, VILLAGE OF VERNON HILLS further admits all responsibilities imposed by law and denies the remaining allegations of Paragraph 6. The remaining Defendants make no answer to the allegations of Paragraph 6 as the allegations are not directed against them.

7. The Defendant Officers, Mark Chandler, James Koch, Patrick Zimmerman and A. Jones are Vernon Hills Police officers.

**ANSWER:** They admit the allegations of Paragraph 7.

## Background

8. In March of 2006 Plaintiff was driving through Vernon Hills on his way to his home in Libertyville at approximately 1:00 a.m. on a Saturday.

**ANSWER:** They deny the allegations of Paragraph 8 as they lack sufficient information upon which to form a belief as to the truth of the allegations contained in Paragraph 8.

9.  Plaintiff was followed and then pulled over by Officer Koch, although Plaintiff was not speeding and had not committed any traffic infractions.  Officer Koch claimed that Plaintiff had been pulled over for speeding and demanded that Plaintiff take a field sobriety test.

**ANSWER:**  The Defendants deny the allegations of Paragraph 9 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

10.  Plaintiff told Officer Koch that he did not believe he had been speeding.  Plaintiff further stated that he does not drink or use drugs, and stated that he was obviously not impaired and did not see why he should have to take a sobriety test.  Officer Koch nonetheless continued to insist that plaintiff take a sobriety test.

**ANSWER:**  The Defendants deny the allegations of Paragraph 10 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

11.  Officer Koch then got a radio call and abruptly left.  Although Plaintiff was disturbed by Officer Koch's aggressive behavior, he did not file a complaint with the Vernon Hills police department.

**ANSWER:**  The Defendants admit that the Plaintiff did not file a Complaint with the Vernon Hills Police Department and deny the remaining allegations of Paragraph 11 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

12. On April 22, 2006 at approximately 3:15 a.m., Plaintiff was again stopped by Officer Koch as he drove through Vernon Hills. Koch falsely accused Plaintiff of repeatedly weaving over the centerline and demanded that he take a sobriety test.

**ANSWER:** The Defendant Koch admits that he stopped the Plaintiff on April 22, 2006 at approximately 3:15 a.m. in the Village of Vernon Hills and denies all of the remaining allegations in Paragraph 12. The remaining Defendants deny the allegations of Paragraph 12 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

13. Plaintiff told Officer Koch that he had noticed him following Plaintiff's car and had not crossed over the centerline even once. Plaintiff further stated that he did not drink or do drugs and was not impaired. He told Koch that Koch had pulled him over the previous month and that he wanted to complain to Koch's supervisor.

**ANSWER:** Defendant Koch denies that the Plaintiff told him that Plaintiff had noticed Koch following Plaintiff's car and had not crossed over the centerline even once. Defendant admits that Plaintiff further stated he did not drink or do drugs and was not impaired. Defendant Koch denies that Plaintiff told Koch that Koch had pulled him over the previous month and that he wanted to complain to Koch's supervisor. Defendant Koch admits that Plaintiff stated that Koch may have stopped him a few months ago and denies the remaining allegations of Paragraph 13. The remaining Defendants deny the allegations of Paragraph 13 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

14.  By this point in time another Vernon Hills police officer had arrived, and when Plaintiff stated that he wanted to speak to a supervisor Koch pointed to him.  Plaintiff spoke to the officer, who Plaintiff believes is named Heelen, but the officer said he was not Koch's supervisor.

**ANSWER:**  Defendant Koch admits that Officer Heelen was present at the scene and admits that Officer Heelen said he was not Koch's supervisor and denies the remaining allegations of Paragraph 14.  The remaining Defendants deny the allegations of Paragraph 14 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

15.  Koch ticketed Plaintiff for improper lane usage.

**ANSWER:**  The Defendants admit the allegations of Paragraph 15.

16.  Plaintiff went to the Vernon Hills police station immediately after this incident and complained to an Officer Grampo, who gave Plaintiff a form to fill out.  Plaintiff also requested the videotape of the stop from Koch's squad car to prove that he was not weaving across the centerline.  Grampo told Plaintiff that the video camera in Koch's squad car was "broken."

**ANSWER:**  The Village of Vernon Hills admits that the Plaintiff went to the police station after this incident and complained to Officer Grampo and that Plaintiff was given a form to fill out.  The Village of Vernon Hills further admits that Officer Grampo advised Plaintiff that the car camera in the squad car was not currently functioning and denies the remaining

allegations of Paragraph 16. The remaining Defendants deny the allegations of Paragraph 16 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

17.    In May of 2006, Commander Davies of the Vernon Hills police department telephoned Plaintiff and told him that he would not be taking any action on Plaintiff's complaint against Officer Koch.

**ANSWER:**  The Village admits that Commander Davies informed the Plaintiff that the complaint of abuse of authority was not sustained and denies the remaining allegations of Paragraph 17. The remaining Defendants deny the allegations as they lack sufficient information upon which to form a belief as to the truth of the allegations.

18.    On July 17, 2006 Plaintiff went to trial on the ticket for improper lane usage. At the trial, Officer Koch falsely testified that Plaintiff's car crossed over the centerline more than ten times, that he could smell alcohol on Plaintiff, and that he radioed for back-up when Plaintiff became irate. Koch also testified that he was "number one" for DUI arrests with the Vernon Hills police department.

**ANSWER:**  The Defendant Koch admits that the Plaintiff went to trial on July 17, 2006 for improper lane usage. The Defendant Koch denies that he falsely testified that the Plaintiff's car crossed over the center more than 10 times, that he could smell alcohol on the Plaintiff, and that he radioed for backup when Plaintiff became irate. The Defendant Koch admits that he effectuated a large number of DUI arrests with the Village of Vernon Hills Police Department

and denies that he so testified as he lacks sufficient information upon which he form a belief as to the substance of that testimony in court. The Defendant Koch admits that the Judge found Plaintiff guilty on the ticket. The remaining Defendants deny the allegations of Paragraph 18 as they lack sufficient information upon which to form a belief as to the truth of those allegations.

19. After his trial, Plaintiff obtained a recording of Koch's radio transmissions for the night of April 22, 2006 pursuant to an FOIA request, and the recording did not include any request for back-up, contrary to Officer Koch's testimony at trial.

**ANSWER:** The Defendants deny the allegations of Paragraph 19 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

20. At approximately midnight on September 2, 2006, Plaintiff was driving to see his wife in Vernon Hills and noticed a marked squad car following him. The squad car followed Plaintiff for approximately two miles, during which time Plaintiff noticed that a red light was on in the middle of the squad car's windshield, indicating to Plaintiff that he was being videotaped.

**ANSWER:** The Defendants deny the allegations of Paragraph 20 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

21. Plaintiff has a distinctive license plate, and having already been twice stopped by Officer Koch, was concerned that he was being harassed by Officer Koch.

ANSWER: The Defendants deny the allegations of Paragraph 21 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

22. When Plaintiff went to make a left turn, the squad car followed him into the left turn lane. As Plaintiff turned, however, an oncoming car took a wild right turn in front of Plaintiff, nearly striking Plaintiff' car. The squad car turned to follow that vehicle.

ANSWER: The Defendants deny the allegations of Paragraph 22 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

23. Plaintiff was not able to see if it was in fact Officer Koch following him, and turned around as well to see if he could identify the officer. Plaintiff saw the officer standing outside of his squad car where the officer had indeed stopped the other vehicle and believed the officer to be Officer Koch.

ANSWER: The Defendants deny the allegations of Paragraph 23.

24. Plaintiff immediately reported this incident by phone to Sgt. Zimmerman of the Vernon Hills police department and was told that Koch's supervisor would contact him. Plaintiff then went to the Vernon Hills police department and submitted a FOIA request for the squad car's videotape and left.

**ANSWER:** The Defendant, Zimmerman admits that the Plaintiff reported an incident to him and that Plaintiff reported that the officer was Officer Koch. The Defendant, Zimmerman admits that he told Plaintiff that he would be better off filing his complaint with Koch's direct supervisor, Commander Chandler and admits that a Freedom of Information Act Request was submitted requesting a squad car videotape and denies the remaining allegations of Paragraph 24. The remaining Defendants deny the allegations of Paragraph 24 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

25. On September 5, 2006 Commander Mark Chandler telephoned Plaintiff and asked him to meet him at the station. Plaintiff did so and, upon Chandler's request, verbally told him about the incident. Chandler then asked Plaintiff to write it all down on a complaint form which he provided, and Plaintiff did so.

**ANSWER:** Defendant Chandler admits that on September 5, 2006 he telephoned Plaintiff and asked him to meet him at the station and admits that the Plaintiff did so. Defendant Chandler further admits that the Plaintiff verbally described the incident and that Chandler provided Plaintiff with a citizen's allegation of employee misconduct report form and that Plaintiff filled it out and denies the remaining allegations of Paragraph 25. The remaining Defendants deny the allegations of Paragraph 25 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

26.    At approximately 5:30 p.m. on Saturday, September 9, 2006, Plaintiff had just finished eating dinner at home when Libertyville police officers knocked on Plaintiff's door. They informed Plaintiff that they had a warrant for his arrest.  The police handcuffed Plaintiff and took him to the Libertyville police station, where they processed him and informed him that he was being charged with "attempted disorderly conduct" for filing a false police report with the Vernon Hills police.  The complaint against Plaintiff was filed by Detective Jones.

**ANSWER:** Defendant Jones admits that he contacted the States Attorney regarding the obtaining of a warrant and denies that he filed the complaint against the Plaintiff and denies the remaining allegations of Paragraph 26 as he lacks sufficient information upon which to form a belief as to the truth of the allegations.  The remaining Defendants deny the allegations of Paragraph 26 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

27.    The Libertyville police then took Plaintiff to the Lake County jail in Waukegan, where he was processed against and not released until 2:45 a.m. on Sunday after posting bond.

**ANSWER:**  The Defendants deny the allegations as they lack sufficient information upon which to form a belief as to the truth of the allegations.

28.    Prior to trial, the Village of Vernon Hills repeatedly failed to comply with Plaintiff's requests for discovery, at one point resulting in an order dismissing the case for want of prosecution after Plaintiff's counsel moved for sanctions.  The case was reinstated, however, and

Plaintiff received memoranda from the Vernon Hills police department indicating that Officer

Koch was on a detail driving an unmarked car that night, not a marked squad car as reported by

Plaintiff, and stating that Plaintiff was lying about the entire incident. The Vernon Hills police

department did not produce any documents or acknowledge in any way that a traffic stop had

even occurred at the location and time reported by Plaintiff.

**ANSWER:** The Defendants admit that Officer Koch was driving an unmarked car that

night and not a marked squad car as reported by the Plaintiff and deny the remaining allegations

of Paragraph 28 as they lack sufficient information upon which to form a belief as to the truth of

the allegations.

29. Plaintiff went to trial on the charge against him, that Plaintiff falsely reported an

offense of official misconduct, on March 31, 2007. Commander Chandler, Officer Koch and

Sgt. Zimmerman testified against Plaintiff at trial.

**ANSWER:** The Defendants admit that the Plaintiff went to trial on the charge against

them which involved falsely reporting an offense and admit that Defendants, Chandler, Koch and

Zimmerman testified at the trial and deny the remaining allegations of Paragraph 29.

30. In the course of their testimony, it was revealed for the first time that there was in

fact a traffic stop at the same time and location as witnessed by Plaintiff. Further, it was also

revealed for the first time that the Vernon Hills police officer who made the stop, an officer

Hollubetz, "looks very similar" to Officer Koch, as Officer Koch himself testified on the stand.

**ANSWER:** The Defendants deny the allegations of Paragraph 30 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

31. Plaintiff was acquitted on a directed verdict after the officers testified.

**ANSWER:** The Defendants deny the allegations of Paragraph 31 as they lack sufficient information upon which to form a belief as to the truth of the allegations.

32. Plaintiff incurred costs and expenses, including $2,500 in attorney's fees, and lost substantial income work opportunities as a result of being falsely arrested and forced to trial on the bogus charge brought against him by the Vernon Hills police.

**ANSWER:** The Defendants deny the allegations of Paragraph 32.

**Count I – 42 U.S.C. 1983**
**Claim for False Detention, Arrest, and Imprisonment**

33. Plaintiff realleges by this reference paragraphs 1 through 32 of this Complaint as if restated fully herein.

**ANSWER:** The Defendants restate their answers to paragraphs 1 through 32 as if set forth fully herein.

34. The actions of the Defendant officers in falsely detaining, arresting and imprisoning Plaintiff without reasonable suspicion or probable cause violated his Fourth Amendment rights to be free from unreasonable search and seizure under the United States Constitution, and thus violated 42 U.S.C. 1983.

**ANSWER:** The Defendants deny the allegations of Paragraph 34.

35. The actions of the Defendants were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights, suffering, mental distress, and other injury, as set forth more fully above.

**ANSWER:** The Defendants deny the allegations of Paragraph 35.

WHEREFORE, the Defendants, VILLAGE OF VERNON HILLS, COMMANDER MARK CHANDLER, OFFICER JAMES KOCH, SGT. PATRICK ZIMMERMAN AND DETECTIVE A. JONES pray that this Court dismiss the Plaintiff's Complaint at Plaintiff's costs.

### Count II – State Law Claim
### Malicious Prosecution

36. Plaintiff realleges by this reference paragraphs 1 through 32 of this Complaint as if restated fully herein.

**ANSWER:** The Defendants restate their answers to paragraphs 1 through 32 of the Complaint as if set forth fully herein.

37. The acts of the Defendant officers in falsely charging Plaintiff, concealing evidence favorable to Plaintiff, making false statements to the prosecuting attorney, and falsely testifying against him in court caused Plaintiff to lose his liberty while under arrest and be criminally prosecuted.

**ANSWER:** The Defendants deny the allegations of Paragraph 37.

38. Said actions were wrongful and wholly unjustified, and caused injury to Plaintiff, including monetary damages and emotional distress.

**ANSWER:** The Defendants deny the allegations of Paragraph 38.

39. Said actions constitute the tort of malicious prosecution under the laws of the State of Illinois.

**ANSWER:** The Defendants deny the allegations of Paragraph 39.

WHEREFORE, the Defendants, VILLAGE OF VERNON HILLS, COMMANDER MARK CHANDLER, OFFICER JAMES KOCH, SGT. PATRICK ZIMMERMAN AND DETECTIVE A. JONES pray that the Plaintiff's Complaint be dismissed at Plaintiff's costs.

### Count III – State Law Claim
### Respondeat Superior

40.  Plaintiff realleges by this reference paragraphs 1 through 32 of this Complaint as if restated fully herein.

**ANSWER:** The Defendants restate their answers to paragraphs 1 through 32 as if set forth fully herein.

41.  In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members of, and agents of, the Vernon Hills Police Department acting at all relevant times within the scope of their employment.

**ANSWER:**  The Defendants deny that they committed the acts contained in the preceding paragraphs and admit that at relevant times the officers were members and agents of the Vernon Hills Police Department.

42.  Defendant Village of Vernon Hills is liable as principal for all torts committed by its agents.

**ANSWER:** The Village of Vernon Hills admits that it is liable as established in Illinois Law and deny the remaining allegations of Paragraph 42.

WHEREFORE, the Defendants, VILLAGE OF VERNON HILLS, COMMANDER MARK CHANDLER, OFFICER JAMES KOCH, SGT. PATRICK ZIMMERMAN AND DETECTIVE A. JONES pray that this Court dismiss the Plaintiff's Complaint at Plaintiff's costs.

### Count IV – State Law Claim
### Indemnification

43. Plaintiff realleges by this reference paragraphs 1 through 32 of this Complaint as if restated fully herein.

**ANSWER:** The Defendants restate their answers to Paragraphs 1 through 32 as if set forth fully herein.

44. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** The Defendants admit the existence of all Illinois statutes and deny the remaining allegations of Paragraph 44.

45.    The Defendant Officers are or were employees of the Vernon Hills Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:**  The Defendants deny that they committed any acts of misconduct but admit that they were acting within the course and scope of their employment at all relevant times.

WHEREFORE, the Defendants, VILLAGE OF VERNON HILLS, COMMANDER MARK CHANDLER, OFFICER JAMES KOCH, SGT. PATRICK ZIMMERMAN and DETECTIVE A. JONES, pray that the Plaintiff's Complaint be dismissed at Plaintiff's costs.

Respectfully submitted,

By:
s/Elizabeth A. Knight
Elizabeth A. Knight, of KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.

## AFFIRMATIVE DEFENSES

By way of further answer to the Plaintiff's Complaint, the Defendants submit the following Affirmative Defenses:

### First Affirmative Defense

The claims are barred by the Statute of Limitations.

## Second Affirmative Defense

The individual Defendants are not vicariously liable for the actions or inactions of another and are not liable absent personal involvement in the alleged conduct.

## Third Affirmative Defense

The Plaintiff's claims of false arrest are barred by the existence of probable cause.

## Fourth Affirmative Defense

The Plaintiff's claims for false arrest are barred by the existence of a warrant.

## Fifth Affirmative Defense

The individual Defendants are entitled to qualified immunity as their actions were objectively reasonable at all relevant times.

## Sixth Affirmative Defense

The individual Defendants are entitled to qualified immunity on the false arrest claim based upon reliance and advice of the prosecutor with respect to the arrest and charges.

## Seventh Affirmative Defense

The individual Defendants and the municipality are immune with respect to the state law claims under the Tort Immunity Act as the officers were acting in the execution and enforcement of the law at all relevant times.

## Eighth Affirmative Defense

The individuals and the governmental municipality are immune under the state law claims as they are not liable under the Tort Immunity Act for acts of another.

### Ninth Affirmative Defense

The individual Defendants are immune with respect to the state law claims under the Tort Immunity Act for any injuries caused by acts performed in good faith under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, and they acted without malice.

### Tenth Affirmative Defenses

The individual Defendants are immune with respect to the state law claims under the Tort Immunity Act as they, as public employees, cannot be held liable for injury caused by their instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, and they did not act maliciously or without probable cause.

### Eleventh Affirmative Defense

Count I for false arrest fails to state a claim upon which relief can be granted for municipal liability.

### Twelfth Affirmative Defense

Count I fails to state a Federal claim of how much relief can be granted for false imprisonment.

### Thirteenth Affirmative Defense

Each individual Defendant is protected with absolute immunity with respect to his testimony at the proceedings as charged in the Complaint.

## JURY DEMAND

The Defendants, VILLAGE OF VERNON HILLS, COMMANDER MARK CHANDLER, OFFICER JAMES KOCH, SGT. PATRICK ZIMMERMAN and DETECTIVE A. JONES, demand a trial by jury.

Respectfully submitted,


By:
s/Elizabeth A. Knight
Elizabeth A. Knight, of KNIGHT, HOPPE, KURNIK & KNIGHT, LTD., Attorney for Defendants.

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorney for Defendants, Village Of Vernon Hills, Commander Mark Chandler, Officer James Koch, Sgt. Patrick Zimmerman And Detective A. Jones
2860 River Road, Suite 400
Des Plaines, IL 60018-6009
847/298-8000; FAX: 847/298-8014

## CERTIFICATE OF SERVICE

I hereby certify that on the August 11, 2008, I filed the foregoing Defendants' Answer to

Plaintiff's Complaint, Jury Demand and Affirmative Defenses with the Clerk of the U.S. District

Court using the CM/ECF system which will send notification of such filing to the following:

>    **Kurt Henry Feuer**
>    kfeuer9@hotmail.com
>
>    **Elizabeth A. Knight**
>    eknight@khkklaw.com
>
>    **Krista E. Oswald**
>    koswald@khkklaw.com

No manual recipients.

>                    /s/Elizabeth A. Knight
>                    Elizabeth A. Knight, of KNIGHT, HOPPE,
>                    KURNIK & KNIGHT, LTD., Attorney for
>                    the Defendants.

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorney for Defendants, Village Of Vernon Hills, Commander Mark Chandler,
Officer James Koch, Sgt. Patrick Zimmerman And Detective A. Jones
2860 River Road, Suite 400
Des Plaines, IL  60018-6009
847/298-8000; FAX: 847/298-8014

5865 Ans to Complaint 08-08-04